STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-235

PAF — YOR — 6/5/2002

ALICE and PETER AMES,

Plaintiffs

v.

ORDER
AND
DECISION

DONALD L. GARBRECHT
LAW LIBRARY

JUN 18 20..

NATIONWIDE INSURANCE CO.,

Defendant

Alice and Peter Ames are insured under a policy with the defendant Nationwide Mutual Insurance Company. Included among the insured properties of the plaintiffs is their condominium at Island Terrace Condominiums in Saco. The plaintiffs' condominium is part of a large complex that was formerly a tannery and manufacturing plant. Members of the Island Terrace Owners Association have discovered extensive decay in some of the units and in various beams and supporting structures throughout the complex and have assessed the various owners for their proportional costs of the necessary repairs.

The plaintiffs filed a claim with Nationwide which was denied. The policy excludes coverage for loss because of ". . . fungus, decay, deterioration, hidden or latent defect, or any quality in property that causes it to damage or destroy itself." Policy form BPP-0006, p. 7, section B(2)(k). Absent some other provision of the policy, this exclusion would preclude coverage given the long standing nature of the structural problems at the condominium building.

The policy does, however, indicate, "We will pay for loss or damage caused by or resulting from risks or direct physical loss involving collapse of a building or any part of a building caused only by one or more of the following: . . . (2) hidden decay . . . Collapse does not include settling, cracking, shrinkage, bulging or expansion." Form BPP-0006, p. 3, Section A.5(d)(2).

In this instance the damages are from decay, or deterioration, or hidden or latent defects and no "collapse" has taken place. Also *see Ames Privilege Associates Limited Partnership v. Utica Mutual Insurance Company*, 742 F.Supp. 704, 6-7 (D. Mass. 1990) involving similar problems in converted factory buildings in Chicopee, Massachusetts. A more recent Massachusetts case is *Clendenning v. Worcester Insurance Company*, 45 Mass. App.Ct. 658, 700 N.E. 2d 846, 847-8 (1998), review denied 707 N.E. 2d, 1077, which defined collapse, in a case involving damages from carpenter ants, using Webster's Third New International Dictionary from 1993 as a verb as "1: to break down completely . . . 2: to fall or shrink together abruptly and completely . . . 3: to cave in, fall in, or give way . . . 6: to fold down into a more compact shape" and as a noun as "2: the action of collapsing . . . 3a: . . . sudden failure."

This case from Massachusetts follows the approach used by the Maine Supreme Judicial Court of going to a good dictionary when the meaning of a word, which is not defined by statute or in the contract, is in question. Words should be given their ordinary meanings. The constructions of the word "collapse" suggested by the plaintiffs and adopted by some other courts take a word and stretch it to achieve an understandable goal, of providing coverage. But those definitions really

2

define some other word and do not truly define "collapse". Numerous other cases reach the same conclusion as *Clendenning*.

One interesting case that reaches a different conclusion is *Government Employees Insurance Company v. DeJames*, 261 A.2d 747, 749-52 (Me. 1970) which traces the verb "collapse" back to Samuel Johnson's dictionaries from eighteenth century England. While the Maryland Court of Appeals found some historical support for its conclusions, it did note that its opinion was, at least at that time, a minority view.

While not all courts have reached this conclusion, I find that "collapse" should be given its ordinary meaning. It is true that ambiguities should be construed against the defendant because it drafted the policy language in question. It is also true that public policy issues are potentially legitimate considerations when there are ambiguities. Here there is no ambiguity in what "collapse" means.

While it is not necessary to reach this issue, it is doubtful that the insurance policy covers the common elements of the condominium building in addition to the plaintiffs' unit. The common elements are perhaps best insured by a condominium association.

The entry is:

> Defendant's motion for summary judgement is granted. Judgment for the defendant declaring that there is no coverage for the submitted claim. All other pending motions dismissed as moot.

Dated:     June 5, 2002

Paul A. Fritzsche
Justice, Superior Court

James L. Audiffred, Esq. - PLS
Daniel R. Mawhinney, Esq. - DEF

3